Case 1:15-cr-10067-DPW   Document 19   Filed 07/27/15   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 15-10067-DWP

UNITED STATES OF AMERICA

        Plaintiff,

VS.

FREDY MIRA PEREZ,

        Defendant.

_____/

## **DEFENDANT FREDY MIRA PEREZ'S SENTENCING MEMORANDUM**

Defendant FREDY MIRA PEREZ (hereafter "Perez"), by and through undersigned counsel, respectfully files this his Sentencing Memorandum, and states as follows:

**I.   Introduction:**

The defendant, Fredy Mira Perez, comes before this Honorable Court for sentencing on August 6, 2015.  Mr. Perez, is a Colombian national who had never entered the United States previously.  On April 1, 2015, Mr. Perez voluntarily flew into the United States where he surrendered in open court and entered into a binding plea agreement with the government pursuant to Rule 11(c)(1)(C).  On the same day, Mr. Perez pled guilty to a one-count Information, which charged Conspiracy to invest Illicit Drug Profits, in violation of 21 U.S.C. §854(b) and 21 U.S.C. §846.

Under the terms of Mr. Perez's plea agreement, the parties are jointly recommending the following sentence: a term of imprisonment of 84 months; a 36 month period of supervised release; a mandatory special assessment of $100; a $25,000 fine, unless the Court finds that Defendant is not able to pay.  The agreed sentence is "sufficient, but not greater than necessary," to satisfy the statutory requirements of 18 U.S.C. § 3553(a)(2).

**II.     Title 18 U.S.C. § 3553(a) Sentencing Factors:**

When imposing sentence, the Court is required to consider all of the factors set forth in Title 18 U.S.C. § 3553(a) in its determination of what is a reasonable sentence in each individual case. *See, United States v. Booker*, 543 U.S. 220 (2005); *Rita v. United States*, 551 U.S. 338 (2007). The Supreme Court has stressed the district courts are not to treat the guidelines as presumptively reasonable. *See*, *Gall v. United States*, 552 U.S. 38 (2007). *See also*, *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006) (explaining that courts "may determine, on a case-by-case basis the weight to give the Guidelines, so long as that determination is made with reference to the remaining Section 3553 (a) factors that the court must also consider in calculating the defendant's sentence"). In fact, the *Hunt* Court explained that there are "many instances where the Guidelines range will not yield a reasonable sentence." *Id.* at 1184. Perez's case represents just such a case.

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a) states that the court, in determining the particular sentence to be imposed, shall consider the following:

1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

2)   the need for the sentence imposed

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;

   (C)   to protect the public from further crimes of the defendant; and

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

     most effective manner.

3)   the kinds of sentences available;

4)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines….

5)   any pertinent [Guidelines] policy statement….

6)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7)   the need to provide restitution to any victims of the offense.

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitations in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

**III.**  **Application of the Statutory Sentencing Factors to the Facts of This Case:**

  **A.**   **History and Characteristics of Fredy Mira Perez :**

Fredy Mira Perez is a 49 year old father of a 14 year old son named Mateo Mira. Born in Bogota, Colombia, Mr. Perez never imagined that he would end up involved working for a criminal organization like "La Oficina". In fact as stated in the PSR in paragraph 37, Mr. Perez had *no* choice but to work for La Oficina or he would be killed. Unlike many leaders of the La Oficina, Mr. Perez did not move up in the ranks of the organization. In fact it was quit the contrary.

  As a child, Mr. Perez's family moved to a poor neighborhood in Medellin, Colombia. After dropping out of high school in the eighth grade to help financially support his family, Perez began working in a freight forwarding company and ultimately became a successful customs

consultant. His level of success lead him to achieve a high social status in his poor neighborhood and the people had a lot of respect for him.

As a result of his status in the community, he became friendly with the local leader of La Oficina for his neighborhood, but he never joined nor worked for La Oficina. A few years later, when Mr. Perez was in his thirties, the head of La Oficina for his neighborhood became very sick and unbeknownst to Mr. Perez, told the head of the La Oficina that Mr. Perez should take his place to run the neighborhood for the organization because he was so well regarded. Perez was offered the job, but Perez immediately declined the offer because he had no interest in getting involved with La Oficina. However, he was told in no uncertain terms that if he did not join La Oficina he would be killed. It was that simple. Perez had no choice but to join the organization or die.

Unlike many members of La Oficina which had a reputation for being very violent, Perez became well known for being non-violent. His primary responsibility for the organization was that of a debt collector. He managed to have success as a debt collector without the use violence. In the end, when different factions of La Oficina were breaking up, and a very bloody turf war was in the offing, Perez managed to convince the waring side to resolve their disputes and avoid bloodshed.

So the question remains, why would Perez voluntarily fly to the United States when there was no warrant for his arrest pending or an indictment filed against him and enter into a plea agreement with the government? He was not avoiding charges in Colombia because there are no pending charges against him in Colombia. The answer is a simple one: Mr. Perez wanted to change his life and get out of La Oficina. He could have spoken to the Colombian authorities where, although there were no charges pending against him, he would have received a sentence

---

half as long as he is facing in the instant case, but that would not accomplish his goal of getting out of La Oficina. Even if he would be incarcerated in Colombia, the higher-ups in the organization would expect him to continue his work for the organization and Perez does not want to continue in this life of crime. He chose to *voluntarily* surrender to U.S. authorities so he can finally remove himself from this criminal organization.

      **B.**      **Role in the Offence:**

The Presentence Report ("PSR") in this case sets forth at great length in describing the investigation that has taken place against La Oficina. The PSR also details the involvement this criminal organization has had in the past with drug trafficking and money laundering. However, it is important for this Honorable Court to take into consideration that Mr. Perez's role in the conspiracy was to support the conspiracy by being a debt collector. His position did not offer strategic or technical support for the movement of narcotics or money. In addition, and more importantly, that Mr. Perez is an individual that is considered by law enforcement as non-violent, and as a person who never resorted to acts of violence or threat of violence in his job. Although he was aware that the majority of the debts he was ordered to collect were from narcotics transactions, Mr. Perez never actively participated in narcotics distribution.

      **C.**      **Seriousness of the Offense/Promote Respect for the Law/Just Punishment:**

There is no doubt that the crime Mr. Perez has plead guilty to is serious. The defendant knows that he violated the law and has done all that is within his power to acknowledge responsibility for his actions. He voluntarily surrendered to the United States, leaving behind his family and friends, knowing that he would be incarcerated and facing a substantial jail sentence even though he was not facing any charges in Colombia.

The task of fashioning a sentence to promote respect for the law and to reflect the

---

seriousness of the offense is in some respects an existential quest. But as at least one district court judge has noted "it is not always necessary to incarcerate a defendant to promote such respect and demonstrate the seriousness of the crime." *United States v. Smith,* 2009 WL 24917 (N.D. Ohio). What promotes respect for the law is a fair sentence and under the totality of the circumstances in this case, the defense believes that the agreed upon 84 months of incarceration is fair for this particular defendant under the particular facts of his case.

      **D.**      **Specific and General Deterrence/Prevent Future Crimes:**

There are two important considerations for the Court with respect to specific deterrence. The first is that given his age, Mr. Perez is 49 years old, the likelihood of recidivism is greatly decreased. This principle has been recognized in numerous cases where a below guideline sentence was imposed as the result of a defendant's age. *See, United States v. Martinez*, 2007 WL 593629 (D. Kan)(according to data compiled by the Federal Sentencing Guideline Commission recidivism decreases with age). *Accord, United States v. Jayyousi,* 657 F.3d 1085, 1171 (11 Cir. 2007). Thus, for example, in *United States v. Carmona–Rodriguez*, 2005 WL 840464 (S.D.N.Y.), the defendant pled guilty to conspiracy to possess heroin and her adjusted guideline sentence was 46 to 57 months. The district court noted that other recent district court decisions had imposed below guideline sentences for defendants "who were over the age of forty on the grounds that such defendants exhibit markedly lower rates of recidivism." *Carmona-Rodriguez* at p. 3.  Based upon her age and health problems with high blood pressure and diabetes, the district court imposed a sentence of only thirty months.

Second, as a practical matter, Mr. Perez, ***voluntarily*** surrendered to law enforcement authorities.  As previously discussed, Mr. Perez chose to surrender to get himself out of living a life of crime.  If he had any interest in continuing to violate the law he would have never

---

surrendered. His actions speak loud and clear, his past life of crime is over and done.

As to the issue of general deterrence, the United States Government is currently requesting the extradition of more than two hundred Colombian nationals every year. The message that every drug trafficker the United States can identify will be arrested and brought to the United States is made clear on a regular basis in Colombian print and television news, which regularly provides detailed information about extraditions to the United States. No further general deterrence would be accomplished by additional punishment for this defendant.[1]

### E. Non-Guidelines Factor:

The defendant would like to point out one additional consideration for this Honorable Court to consider when deciding to accept the binding plea agreement the parties have agreed to in this case. In paragraphs 25 and 26 of the draft PSR, the defendant is credited with a 3 level reduction for Acceptance of Responsibility. The defense also believes that Mr. Perez is eligible for an additional downward departure (or downward variance) for "extraordinary acceptance" pursuant to U.S.S.G. Section 5K2.0 because he voluntarily surrendered to the United States government in connection with this case. Such departures are permitted under the guidelines, *United States v. Nguyen*, 212 F.Supp. 2d 1008, (N.D. Iowa 2002) and have been granted under circumstances similar to those presented in this case. *See, United States v. Crumb*, 902 F.2d 1337 (8th Cir. 1990)(court gave defendant a downward departure when he voluntarily surrendered to law enforcement authorities).

---

[1] The three remaining sentencing factors are: (1) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; (2) consistency in sentencing among similarly-situated defendants; and (3) the need to provide restitution. These appear to be inapplicable to this case. The defendant does not need any specialized training or care. The defense requests that this Court not impose an order of restitution because there is no definable group of victims. *See,* 18 U.S.C. § 3663(a).

---

**IV.     Conclusion:**

WHEREFORE, based on the foregoing, the Defendant, FREDY MIRA PEREZ, respectfully submits that this Honorable Court should accept the binding plea agreement and impose a sentence of 84 months of incarceration.  This sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

BY: _____/s/ Frank Schwartz_____
Frank Schwartz, Esquire
Fla. Bar No. 120250

FRANK SCHWARTZ, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1200
Miami, Florida 33131
TEL: (305) 379-5661
FAX: (305) 379-5687
frank@fschwartzlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2015 undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and same was delivered to all parties in this case in the same manner. A copy of this motion was also emailed to Probation Officer Chrissy Murphy to Chrissy_Murphy@map.uscourts.gov.

BY: _____/s/ Frank Schwartz_____
Frank Schwartz, Esquire
Fla. Bar No. 120250